

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

**ENTERED**
**TAWANA C. MARSHALL, CLERK**
**THE DATE OF ENTRY IS**
**ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 7, 2014**

**United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| REGINA Y. POWE, | § | Case No. 12-37791-bjh-7 |
| DEBTOR. | § | |
| | § | |
| JAMES W. CUNNINGHAM, TRUSTEE, | § | |
| Plaintiff, | § | |
| v. | § | Adversary No. 13-03188-bjh |
| WALTER YOUNG, Jr., individually and as named successor trustee, and RODNEY YOUNG | § | |
| Defendants. | § | |

### MEMORANDUM OPINION

The Court held a trial in the above-captioned adversary proceeding on June 13, 2014. At the conclusion of the trial, the Court announced its ruling on the record. This Memorandum Opinion

supplements the Court's findings of fact and conclusions of law as announced on the record to the extent the findings of fact and conclusions of law contained herein are consistent with those announced on the record. To the extent that the findings of fact and conclusions of law contained herein are inconsistent with those announced on the record, they amend those announced on the record.

On December 10, 2012, Regina Powe ("Regina") filed a voluntary petition under Chapter 7 of the Bankruptcy Code (the "Petition Date"). On September 4, 2013, James Cunningham, as Chapter 7 Trustee (the "Trustee") for Regina, filed this adversary proceeding against Rodney Young ("Rodney") and Walter Young, Jr. ("Walter, Jr."). Regina, Rodney, and Walter, Jr. are siblings. The Trustee alleged in his complaint that: (i) Regina, Rodney, and Walter, Jr. (collectively, the "Siblings") were co-owners of certain real and personal property (the "Property") that they had inherited from their parents, Walter Young, Sr. ("Walter, Sr.") and Amanda Young ("Amanda"), prior to the Petition Date; (ii) the Siblings had been unable to come to an agreement on how to dispose of the Property; and (iii) he had been unable to negotiate an agreed disposition of the Property.

By his complaint, the Trustee seeks authority to sell the Property under § 363(h) of the Bankruptcy Code. Specifically, the Trustee seeks authority to sell:

    A.    A single family residence and the land on which it is situated at 102 Morgan Lane, Natchitoches, Louisiana, referenced as Lot #17 of the Je'an Claire Estates, Unit #2 ("102 Morgan");

    B.    A single family residence and the land on which it is situated at 1208 North Fifth Street, Natchitoches, Louisiana, referenced as Lot #1 of Block L in the Je'an Claire subdivision ("1208 North Fifth");

    C.    A vacant lot situated at 652 Culbertson, Natchitoches, Louisiana, referenced as Lot #2 of the Je'an Claire Estates (collectively with the vacant lots described in paragraphs D-L below, the "Vacant Lots");

D.  A vacant lot situated at 656 Culbertson, Natchitoches, Louisiana, referenced as Lot #4 of the Je'an Claire Estates;

E.  A vacant lot situated at 658 Culbertson, Natchitoches, Louisiana, referenced as Lot #5A of Je'an Claire Estates;

F.  A vacant lot situated at 109 Morgan Lane, Natchitoches, Louisiana, referenced as Lot #11A of Je'an Claire Estates;

G.  A vacant lot situated at 102 Margret, Natchitoches, Louisiana, referenced as Lot #11-B of Je'an Claire Estates;

H.  A vacant lot situated at 105 Morgan Lane, Natchitoches, Louisiana, referenced as Lot #13 of Je'an Claire Estates;

I.  A vacant lot situated at 101 Morgan Lane, Natchitoches, Louisiana, referenced as Lot #15 of Je'an Claire Estates;

J.  A vacant lot situated at 104 Morgan Lane, Natchitoches, Louisiana, referenced as Lot #18 of Je'an Claire Estates;

K.  A vacant lot situated at 108 Morgan Lane, Natchitoches, Louisiana, referenced as Lot #20 of Je'an Claire Estates;

L.  A vacant lot situated at 110 Morgan Lane, Natchitoches, Louisiana, referenced as Lot #21 of Je'an Claire Estates;

M.  The Bond for Deed Contract (the "Bond for Deed") dated September 27, 1999, concerning property situated at 654 Culbertson, Natchitoches, Louisiana, referenced as Lot #3 of Je'an Claire Estates; and

N.  Various personal property interests described as all personal property located in the houses at 102 Morgan and 1208 North Fifth, whether now in those houses or wherever such property has been moved to, along with the Lincoln Town Car formerly owned by Walter, Sr. (collectively, the "Personal Property").

Rodney did not file a timely answer to the Trustee's complaint and, at the request of the Trustee, a Clerk's default was entered against Rodney. The Trustee did not move the Court for the entry of a default judgment against Rodney, so no default judgment was entered. Rodney appeared

at trial and testified in support of the relief sought by the Trustee.

Walter, Jr., represented by counsel, appeared at trial and testified in opposition to the relief sought by the Trustee. According to Walter, Jr., the Property cannot be sold by the Trustee because it belongs to the Walter Young, Sr. and Amanda M. Young Trust (the "Trust"). A copy of the *Walter Young, Sr. and Amanda M. Young Trust Declaration of Trust* (the "Declaration of Trust") was admitted into evidence at trial as Exhibit l, and the parties stipulated that it was a true and accurate copy. *First Amended Joint Pre-Trial Order* ¶C.7.

The parties also stipulated to other facts in their *Amended Joint Pretrial Order* [Dkt. No. 48] (the "Joint Pretrial Order"), along with certain undisputed statements of law. The Court incorporates all stipulations from the Joint Pretrial Order into this Memorandum Opinion.

The Court's supplemental and amended findings of fact and conclusions of law are set forth below:

**Findings of Fact**

1.    Based on the evidence introduced at trial, some of the Property that the Trustee seeks authority to sell is owned by the Trust. Specifically, as relevant here, the Trust owns: (i) 1208 North Fifth, (ii) the personal property that was located at 1208 North Fifth on the date the Trust was created, and (iii) the Lincoln Town Car formerly owned by Walter, Sr. (the "Lincoln") (collectively, the "Trust Property"). Exhibit 1 (Declaration of Trust), Schedule "A."

2.    Based on the evidence introduced at trial, the Court is unable to determine who owns the rest of the Personal Property the Trustee seeks authority to sell. No evidence was introduced as to what personal property was located at 1208 North Fifth on the date the Trust was created and thus is owned by the Trust. Moreover, the Trustee did not provide the Court with a list of specific items of personal property he sought authority to sell. Rather, as framed by the Trustee in his complaint,

he sought authority to sell the Personal Property, which was generally described as all personal property located at 102 Morgan and 1208 North Fifth on the Petition Date, whether now in those houses or not, along with the Lincoln.

3.      Based on the evidence introduced at trial, the Court is unable to determine whether (i) any of the Personal Property (other than the Lincoln) was personal property owned by Walter, Sr. and Amanda on the date they created the Trust and thus was transferred to the Trust, or (ii) any of the Personal Property was acquired by Walter, Sr. and Amanda after the Trust was created, which appears not to have been transferred to the Trust and would have passed by inheritance to the Siblings in equal shares.

4.      While the Trustee argued that the Trust terminated prepetition, and that Regina owned an undivided one-third interest in all of the Property along with Rodney and Walter, Jr., the Trustee failed to prove, by a preponderance of the credible evidence, that the Trust terminated prepetition. Thus, on this record, the Court finds that the Trust remains in existence.

5.      As the party seeking authority to sell the Property under § 363(h) of the Bankruptcy Code, the Trustee bears the burden of proof to satisfy all statutory requirements, including the threshold requirement that the debtor (here, Regina) is a co-owner of the Property. *See Yoppolo v. Schwenker*, 396 B.R. 1 (Bankr. N.D. Ohio 2008) ("The trustee carries the burden of showing that a sale under § 363(h) is proper."). The Trustee simply failed to carry his burden of proof with respect to the Personal Property. Based on the evidence at trial, the Court is unable to differentiate between the personal property that was placed into the Trust by Walter, Sr. and Amanda and the personal property the Trustee seeks authority to sell. Since the Trustee failed to prove that Regina owns an undivided one-third interest in the Personal Property, he cannot be authorized to sell the Personal Property under § 363(h) of the Bankruptcy Code.

6. Moreover, the Trustee cannot be authorized to sell the Trust Property under § 363(h) of the Bankruptcy Code, as it is not property of Regina's bankruptcy estate. Rather, the Trustee has succeeded to the rights of Regina as a beneficiary of the Trust and he may enforce his rights as a beneficiary of the Trust under applicable nonbankruptcy law.

7. The Court is satisfied that the Trustee carried his burden of proof under § 363(h) for the property in which Regina owned a one-third interest on the Petition Date: (i) 102 Morgan, (ii) the Vacant Lots, and (iii) the Bond for Deed (collectively, the "Non-Trust Property").

8. In accordance with § 363(h)(1) of the Bankruptcy Code, the Trustee proved, by a preponderance of the credible evidence, that partition-in-kind of the Non-Trust Property is impracticable. The Court further finds, based on the Trustee's testimony and the sections of the Natchitoches City Code admitted into evidence as Exhibit 5 and Exhibit 6, that partition-in-kind of the Non-Trust Property is impracticable.

9. In accordance with § 363(h)(2) of the Bankruptcy Code, the Trustee proved, by a preponderance of the credible evidence, that a sale of Regina's undivided interest in the Non-Trust Property would realize significantly less than the sale of the Non-Trust Property free of the interests of the co-owners.

10. In accordance with § 363(h)(3) of the Bankruptcy Code, the Trustee proved, by a preponderance of the credible evidence, that the benefit to Regina's bankruptcy estate of a sale of the Non-Trust Property free of the interests of the other co-owners outweighs any detriment to the other co-owners. Based on the evidence at trial, there is little detriment to the other co-owners if the Trustee sells the Non-Trust Property, as is evidenced by the fact that Rodney has agreed to the sale. While Walter, Jr. objects, he asserts that he has been trying to sell the Non-Trust Property for some time, but has been unsuccessful. The Court is satisfied that the Trustee has the experience and

expertise to ensure that the Non-Trust Property is sold consistent with the interests of all of the co-owners. Of course, the Trustee must seek Court approval of specific sales of the Non-Trust Property, after contracts of sale are negotiated by the Trustee.

11. The parties agree that § 363(h)(4) of the Bankruptcy Code is inapplicable here and the Court so finds.

12. If any of these findings of fact should be considered a conclusion of law, it shall be so considered.

**Conclusions of Law**

13. After Amanda died, the 10th Judicial District Court of Natchitoches Parish, Louisiana entered a Judgment of Possession. The Judgment of Possession was entered into evidence as Exhibit 2. Pursuant to the Judgment of Possession, Walter, Sr. took a one-half interest in all of Amanda's property that was not in the Trust. The Siblings took the other one-half interest in equal shares. When Walter, Sr. died, his interests in all property not in the Trust passed to the Siblings in equal shares. Thus, after Walter's death, all property not in the Trust was owned by the Siblings in equal shares.

14. Because the requirements of § 363(h) are met as to the Non-Trust Property, the Trustee is authorized to sell the Non-Trust Property, in which the Siblings each have a one-third interest.

15. Consistent with the requirements of § 363(j), the Trustee shall distribute the sales proceeds of the Non-Trust Property, less the costs and expenses of the sales, to Rodney and Walter, Jr. on account of their one-third interest in those net proceeds. The Trustee shall retain the net proceeds attributable to Regina's one-third interest for distribution under the Bankruptcy Code.

16. The Trustee has met his burden of proof under § 363(h) as to the Non-Trust Property,

and therefore judgment shall enter for him on his request to sell the bankruptcy estate's interest and the interests of the co-owners in the Non-Trust Property under § 363(h).

17.     Because the requirements of § 363(h) were not met as to the Personal Property, the Court cannot authorize the Trustee to sell the Personal Property.

18.     If any of these conclusions of law should be considered a finding of fact, it shall be so considered.

### ### END OF MEMORANDUM OPINION ###